**In re Murray WINDMAN and Pauline Windman, Debtors.**

---

**Arthur G. Lawrence, Appellant,**

v.

**United States Trustee, Appellee.**

**No. 09–60055.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 9, 2011.

Filed July 14, 2011.

Lorraine Gladys Howell, Law Offices of Lorraine Howell, Newport Beach, CA, for Appellant.

Arthur G. Lawrence, Rosemead, CA, pro se.

Russell Clementson, Kenneth G. Lau, Esquire, Trial, Office of the United States Trustee, Los Angeles, CA, Catherine Bentley Sevcenko, Esquire, Executive Office for U.S. Trustees, Office of the General Counsel, Washington, DC, for Appellee.

Before: KOZINSKI, Chief Judge, IKUTA, Circuit Judge, and PIERSOL, District Judge.*

MEMORANDUM **

The bankruptcy court had jurisdiction to order disgorgement of Lawrence's fees for both bankruptcy filings. *See Tsafaroff v. Taylor (In re Taylor)*, 884 F.2d 478, 481 (9th Cir.1989). The court didn't abuse its discretion by reducing those fees, as there

---

* The Honorable William T. Hart, Senior District Judge for the Northern District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The Honorable Lawrence L. Piersol, Senior District Judge for the District of South Dakota, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**360**

was sufficient evidence that Lawrence's filings were incomplete and the associated cases dismissed. Nor did the court abuse its discretion in ordering disgorgement of any fees partially billed for services pertaining to the state court proceedings, as neither the state court representation nor the fees therefor had been authorized by the court. The bankruptcy court also reasonably found those services deficient, especially given that his license was suspended before the state court matter was resolved. Lawrence misstates the record when he claims that the bankruptcy judge gave him only five minutes to oppose disgorgement: The judge permitted long statements from him before limiting him to "five *more* minutes." (Emphasis added.) Finally, Pauline Windman's preferences can't moot the disgorgement order. *See* 11 U.S.C. §§ 329(b), 330(a).

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.